UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CULLEN M. HANKERSON,

                Plaintiff,

   v.

DEPARTMENT OF CORRECTIONS, et al.,

                Defendants.

No. C13-6073 RJB-KLS

**REPORT AND RECOMMENDATION**
**Noted For: February 14, 2014**

On December 19, 2013, Plaintiff Cullen M. Hankerson filed a Motion for a Notice of Removal. Dkt. 1. Plaintiff originally filed a complaint in the Thurston County Superior Court (Case No. 13-2-00843-0) in which he alleged that the Department of Corrections (DOC) and various DOC employees violated his civil rights and retaliated against him. In response to Plaintiff's motion to serve them by mail in that case, Defendants moved for dismissal for lack of personal jurisdiction and insufficiency of process. It is not clear from Plaintiff's filings in this case whether his case in the Thurston County Superior Court has been resolved. Regardless, Plaintiff's attempt to remove his case to this Court is improper and his motion should be denied.

**DISCUSSION**

The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or defendants*, to the district court of the United States for any district ... where

REPORT AND RECOMMENDATION - 1

such action is pending." 28 U.S.C. § 1441(a) (emphasis added). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In that vein, "[r]emoval statutes are to be 'strictly construed' against removal jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012), quoting *Syngenta Crop Prot., Inc. v. Henson,* 537 U.S. 28, 32 (2002).

"[R]emoval jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.' This gives rise to a 'strong presumption against removal jurisdiction which means that the defendant always has the burden of establishing that removal is proper.'" *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F3d 1102, 1107 (9th Cir. 2010), quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir. 1992) (internal quotations marks, brackets, and citation omitted).

Here, Plaintiff originally filed his complaint in state court and now asks that this Court "take jurisdiction over the matter" because it appears that he failed to properly serve the defendants in his state court case and his case has either been dismissed or will be dismissed. The right to remove a case originally brought in state court belongs to the defendants. There is no authority for this Court to grant a plaintiff's motion to "remove" a case that he originally chose to file in state court.

## CONCLUSION

Based on the foregoing, the undersigned recommends that Plaintiff's motion to remove (Dkt. 1) be **DENIED** and this case **Dismissed with Prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P.

REPORT AND RECOMMENDATION - 2

1  6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 14, 2014**, as noted in the caption.

   **DATED** this   23rd   day of January, 2014.

   Karen L. Strombom
   United States Magistrate Judge

REPORT AND RECOMMENDATION - 3